# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CARROLL, | ) | CASE NOS. 1:09CR342; |
| | ) | 1:12CV356 |
| | ) | |
| PETITIONER, | ) | |
| | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| UNITED STATES OF AMERICA, | ) | ORDER |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is a motion to vacate, set aside or correct sentence filed by *pro se* Petitioner John Carroll ("Petitioner" or "Carroll") pursuant to 28 U.S.C. § 2255. (Case No. 1:12CV356, Doc. No. 1; Case No. 1:09CR342, Doc. No. 98.)[1] The Respondent United States of America ("Respondent" or the "Government") has filed a brief in opposition to Petitioner's motion. (Doc. No. 103.) Petitioner notified the Court that he does not intend to file a reply to the Government's opposition and will rest upon his motion. (Doc. No. 111.) This matter is therefore ripe for disposition. For the reasons that follow, Petitioner's motion is **DENIED** and this case is **DISMISSED**.

## I. BACKGROUND

On August 6, 2009, the Government filed a six-count information charging Carroll with participating in three separate bribery schemes, making false statements to law

---

[1] "Doc. No." references throughout the remainder of this opinion refer exclusively to the numbers assigned in Case No. 1:09CR342.

enforcement officers, and falsifying his federal income tax returns. (Doc. No. 1.)[2] On September 9, 2009, Carroll waived indictment and, pursuant to a plea agreement, entered a guilty plea to all six counts in the information. (Doc. Nos. 8, 10, 11.) On January 31, 2011, the Court sentenced Petitioner to 108 months imprisonment, followed by two years of supervised release, a $600 special assessment and ordered Petitioner to pay $728,000 in restitution. (Doc. No. 63.)

Petitioner did not take a direct appeal from his conviction and sentence. Rather, on February 14, 2012, Petitioner filed the instant § 2255 motion, asserting he received ineffective assistance of counsel at sentencing. Specifically, he alleges two instances when he believes that trial counsel was ineffective. First, Petitioner claims that trial counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G. §5K2.13 for diminished capacity in light of his "addiction to sex." (Doc. No. 98-1 at 1541.) Second, Petitioner asserts that trial counsel was ineffective for failing to argue for a departure pursuant to U.S.S.G. §5K2.20 for aberrant behavior because the "bribery conspiracy was driven by sexual addiction and not avarice . . . ." (*Id*. at 1515.)

## II.   STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the

---

[2] Count One charged Petitioner with conspiring to commit bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 371. Count Two charged Petitioner with accepting bribes concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B). Counts Three and Four charged Petitioner with soliciting and accepting bribes in a federally funded program, and aiding and abetting bribery in a federally funded program. Count Five charged Petitioner with making false statements in violation of 18 U.S.C. § 1001. Count Six charged Petitioner with filing false income tax returns in violation of 26 U.S.C § 7206(1).

United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]"

In order to obtain relief under § 2255, a petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin*, 330 F.3d at 736. *See also, United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)).

The Court finds that an evidentiary hearing is not warranted in the present case. As the analysis below demonstrates, Petitioner's allegations in his motion cannot be accepted as true because they are conclusively refuted by the record in this case and are merely misguided conclusions rather than statements of fact. *See Arrendondo*, 178 F. 3d at 782. Moreover, the claims made in Petitioner's motion are barred by the terms of his plea agreement, which Petitioner has not asserted should be withdrawn.

### III. DISCUSSION

Petitioner's motion raises a single ground for relief—that he received ineffective assistance of counsel at sentencing. The Sixth Circuit has explicitly recognized that a § 2255 motion is the proper vehicle for raising an ineffective counsel claim and that it would not entertain such a claim in a direct appeal, thus Petitioner has properly brought this claim before this Court. *Singleton v. United States*, No. 93–4253, 1994 WL 464245, at *1 (6th Cir. Aug. 26, 1994) (citing *United States v. Carr*, 5 F.3d 986, 993 (6th Cir. 1993)). *See also Massaro v. United States*, 538 U.S. 500 (2003) (Supreme Court holding that a § 2255 motion is preferable to a direct appeal for deciding an ineffective-assistance claim).

Claims of ineffective assistance of counsel are analyzed under the familiar *Strickland* standard. Under *Strickland,* in order to succeed on such a claim, a defendant must make two showings. First, he "must show that [his] counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must also show that counsel's deficient performance prejudiced him. *Id.*

Under the first *Strickland* prong, deficient performance means that, counsel made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 US at 687. At this stage of the analysis, the proper measure of attorney performance is an "objective standard of reasonableness," with reasonableness judged based on the particular case's facts, viewed as of the time of the attorney's conduct. *Id.* at 688, 690. Judicial scrutiny of counsel's performance, however, is "highly deferential." *Id.* at 689. Further, a court's focus is on the adequacy of "counsel's actual performance, not counsel's

4

(hindsight) potential for improvement." *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998) (citation omitted).

In considering the second *Strickland* prong, Petitioner is required to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. However, "[an] error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In the context of guilty pleas, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id.*

Petitioner claims that trial counsel was ineffective for failing to request downward departures for diminished capacity pursuant to U.S.S.G. §5K2.13 and for aberrant behavior pursuant to U.S.S.G. §5K2.20. In support of his argument, petitioner maintains that he developed a "raging addiction to sex" after meeting coconspirator Nilesh Patel ("Patel"), that "the entire

5

bribery scheme between [Patel] and [himself] was driven by the insatiable desire for sex[,]" and that he and Patel "conspired to defraud the hospital so [they] could travel for sex." (Doc. No. 98-1 at 1514.) Petitioner further asserts that "there is no question my mental state was compromised by this addiction[,]" that he sought treatment in April or May 2010 for his sex addiction, but that his trial counsel "asked prosecutors to let it rest for fear of embarrassing [him]." (*Id*.) Additionally, he contends that the only reason the government did not find "hidden accounts or cash in his home" was that the bribery conspiracy in this case "was driven by a sexual addiction and not avarice . . . ." (*Id*. at 1515.) According to Petitioner, his attorney "missed the entire defense of diminished capacity," and "should have argued for a sentence reduction based on the guidelines for Aberrant Behavior." (*Id.* at 1514-15.)

Petitioner cannot establish that his counsel performed deficiently by failing to negotiate the ability to argue for a downward departure for diminished capacity or for aberrant behavior, or for requesting either departure at sentencing.

First, there is simply no evidence in the record that Carroll would have qualified for either departure. As to diminished capacity, §5K2.13 provides that, "A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." Application Note 1 defines "significantly reduced mental capacity" as "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

Here, Petitioner offers only his unsupported, conclusory assertions that he suffered from a sex addiction and that his sex addiction contributed significantly to the bribery scheme involving Patel. The Court cannot find any evidence in the record related to an alleged sexual addiction aside from the instant motion, which lacks any supporting medical diagnosis. Further, there is no indication in the presentence report that Petitioner raised the issue of his purported sex addiction with his probation officer. Petitioner also did not mention any such issue when allocuting at sentencing. (*See* Sentencing Trans., Doc. No. 97 at 1487-90.)

Additionally, the evidence in the record refutes any finding of significantly diminished mental capacity. For example, Petitioner stipulated to the factual basis of his plea agreement, indicating that he was a high-ranking official at a large public hospital, whose duties included operating and supervising the hospital's food, laundry, police, environmental, facilities and construction services, advising the board and chief executive officer, approving purchase orders, payment applications, and change orders, and lobbying architects and engineers. (*See Plea Agreement*, Doc. No. 8 at 57-58.) Petitioner offers no support for his contention that a person of such capabilities could not have exercised the power of reason. Further, Petitioner's false statements to federal investigators and the IRS further demonstrate his knowledge of the wrongfulness of his conduct and his ability to reason. Trial counsel cannot be found to be ineffective for failing to negotiate for a departure absent any evidence or any indication that Petitioner even qualified for such a departure.[3]

---

[3] Moreover, Petitioner has not established that his purported sex addiction contributed substantially to any of the offenses charged. The plea agreement describes a multitude of bribes related to the bribery scheme between Patel and Petitioner (Counts 1 and 2) that were wholly unrelated to sex or money to pay for sex, including accepting scuba equipment, tree removal, appliances, and retail gift cards. (Doc. No. 8 at 62.) Further, Petitioner has not established that his sex addiction contributed at all to Counts 3-6, none of which related to Neal Patel or involved travel for sex.

Similarly, there is no evidence in the record that Petitioner qualified for an aberrant behavior departure. Such a departure is only available when "the defendant committed a single criminal occurrence or a single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. §5K2.20. Here, the record demonstrates that Carroll participated in not one, but three complex bribery schemes, spanning ten years, involving hundreds of thousands of dollars in bribes, complex accounting schemes, and significant planning. Further, Petitioner failed to report his bribe proceeds on his tax returns for five straight years and then made material misrepresentations to the FBI and IRS. By engaging in multiple criminal transactions over an extended period, Petitioner failed to meet the first and second elements of the aberrant behavior departure. Indeed, his prolonged and repeated pattern of conduct demonstrates that Petitioner's life was far from law-abiding. Consequently, trial counsel cannot be deficient in failing to argue for this departure.

Even if Petitioner could establish that he may have qualified for either of the aforementioned departures, he has not established prejudice. Petitioner has not demonstrated that if his attorney had raised these issues at sentencing that his sentence would have been different. Petitioner pleaded guilty pursuant to a negotiated plea agreement, in which he agreed neither to "argue nor suggest in any way that a departure or variance is appropriate." (Doc. No. 8 at 48.) Petitioner has not offered to withdraw this guilty plea. Petitioner therefore cannot show "actual prejudice" by his counsel's failure to request any departure. Indeed, had counsel done so, Petitioner could have lost the benefit of his plea agreement thereby possibly incurring an even harsher sentence.

Further, Petitioner has not established, much less alleged, that the Court would have granted any departures and thereafter would have imposed a lesser sentence. Indeed, at sentencing, the Court found there was,

> nothing in the defendant's history or characteristics that would justify a lower sentence than the guideline range. The defendant was well educated, had every opportunity to avoid engaging in activities like this, did not really need for out of desperation or otherwise to enhance his income, he simply chose out of greed and for no other reason to participate in illegal activity in a way that stole from the public entity for which he worked and stole from the taxpayers of this community who support that public entity, and so, there is nothing that would justify a sentence below the guideline range.

(Doc. No. 97 at 1495.) Further, the Court expressed its discomfort with whether the agreed upon sentence in this case was even sufficient, noting that, "[u]ltimately, while struggling with whether the low end is sufficient in this case, the Court will abide by the parties' plea agreement and impose the low end sentence on this defendant." (*Id*. at 1496.) Consequently, Petitioner has failed to establish that his sentence would have been different and, therefore, cannot establish ineffectiveness or prejudice under the *Strickland* standard.

### IV. CONCLUSION

For all the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 21, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**