UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CARROLL, | ) | CASE NO. 1:09cr342 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the *pro se* motion of petitioner John Carroll ("petitioner" or "Carroll") styled "Motion for Sentence Reduction Pursuant to Decisive Disclosure Germane to Instant Case Under 18 U.S.C. § 3582(c)(2)." (Doc. No. 123 ["Mot."].) The respondent United States of America ("respondent" or "government") opposes the motion. (Doc. No. 125 ["Resp."].) For the reasons that follow, petitioner's motion is TRANSFERRED to the Sixth Circuit Court of Appeals.

I. **BACKGROUND**

On August 6, 2009, the government filed a six-count information charging Carroll with participating in three separate bribery schemes, making false statement to law enforcement officers, and falsifying his federal income tax returns. (Doc. No. 1.) On September 9, 2009, and pursuant to a plea agreement, Carroll entered a counseled guilty plea to all six counts in the information. (Doc. Nos. 8, 10, 11.) On January 31, 2011, the Court sentenced petitioner to 108 months imprisonment, followed by two years of

supervised release, a $600 special assessment and ordered petitioner to pay $728,000 in restitution.[1] (Doc. No. 63.)

Petitioner did not take a direct appeal from his conviction and sentence. Rather, on February 14, 2012, petitioner filed a motion under 28 U.S.C. § 2255, asserting that he received ineffective assistance of counsel at sentencing. (Doc. No. 98.) By this motion, petitioner maintained that trial counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G. § 5K2.13 for diminished capacity in light of petitioner's purported sex addition. (Doc. No. 98-1 at 1541.)[2] He also argued that trial counsel was ineffective for failing to argue for a departure pursuant to U.S.S.G. § 5K2.20 for aberrant behavior that was driven by his sex addition. (*Id*. at 1515.) This Court denied the motion, finding that petitioner's counsel did not provide ineffective assistance at sentencing. (Doc. No. 119.)

On October 15, 2014, petitioner filed the present motion, by which he attacks his sentence on several fronts. First, he maintains that the sentencing court erred in finding that he was a "public official" for purposes of the 18 U.S.C. § 3553 sentencing factors. Second, he claims to have evidence of criminal wrongdoing by employees of East West Construction, which would presumably have some bearing on his relative culpability in the bribery schemes. Third, he notes that he has recently provided the government with "new documentary evidence" that entitles him to a sentence reduction

---

[1] The case was originally assigned to the Hon. Kathleen O'Malley. After sentencing, on May 6, 2011, the case was reassigned to the undersigned's docket.

[2] All page numbers are to the page identification number generated by the Court's electronic docketing system.

for substantial assistance under Fed. R. Civ. P. 35(b). Petitioner also appears to argue that there was insufficient evidence in the record to support a finding of conspiracy. The government opposes the motion, arguing, primarily, that it should be treated as a successive § 2255 motion. It is the government's position that petitioner has intentionally mischaracterized his motion as falling under 18 U.S.C. § 3582(c)(2) so as to "circumvent the screening requirements of a second or successive § 2255 motion . . . ." (Resp. at 1788.).

## II. LAW AND ANALYSIS

Petitioner cites 18 U.S.C. § 3582(c)(2) as the basis for his motion. Yet, § 3582(c)(2) affords relief from a sentence under a very narrow (and limited) circumstance. Specifically, Congress allows a district court to modify a term of imprisonment under § 3852(c)(2) only when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Petitioner does not maintain, nor does the record reflect, that his sentence was based upon a sentencing range that was subsequently lowered by the Sentencing Commission. Section 3852(c)(2), therefore, is inapplicable and cannot serve as the basis for petitioner's motion. *See United States v. Cerna*, 36 F.3d 1098 (Table), Nos. 94-1433, 94-1437, 1994 WL 542757, at *1 (6th Cir. Oct. 4, 1994) ("Because the appellants are not claiming that their applicable sentencing range has been lowered by the Sentencing Commission, their motions do not come within the limited jurisdiction conferred upon district courts to modify prison terms under [18 U.S.C. § 3582(c)(2)].") (citing *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993)).

Instead, it is evident that petitioner's motion is attacking his sentence, inasmuch as he seeks resentencing on a variety of grounds. "[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion." *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *see, e.g., Washpun v. United States*, No. 1:01-CV-638, 2005 WL 2001875, at *1 (W.D. Mich. Aug. 17, 2005) (Rule 60(b) motion properly characterized as successive § 2255 motion where motion "requests resentencing on the grounds that the Court's factual determination increased his sentence in violation of the Sixth Amendment.")

The Court, therefore, finds that petitioner's motion constitutes a successive § 2255 petition. *See Segines v. United States*, 2007 WL 2046809, at *2 (N.D. Ohio July 12, 2007) ("A second or successive habeas petition or § 2255 motion is a motion that attacks the same conviction that the petitioner or movant attacked in a prior habeas petition or § 2255 motion.") (citation omitted); *see also In re Smith*, 690 F.3d 809, 809-810 (6th Cir. 2012) (district court should consider, in the first instance, whether a motion or petition is a second or successive); *In re Sheppard*, No. 12-3399, 2012 U.S. App. LEXIS 13709, at *2 (6th Cir. May 25, 2012) (noting that "it is the district court's job to determine—at least in cases where the issue is disputed—whether a petition is, in fact, second or successive within the meaning of the habeas statute") (opinion only available on LEXIS).

Before a prisoner in this jurisdiction can file a second or successive § 2255 motion, he must obtain an order from the Sixth Circuit authorizing this Court to consider

4

such a filing. *See* 28 U.S.C. § 2244(b)(3)(A). Moreover, "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Because petitioner has not sought permission from the Sixth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider the instant filing. *See Burton v. Stewart*, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding district court lacked jurisdiction to review new petition because it was successive and therefore required authorization).

Accordingly, the Court ORDERS the Clerk of Court to TRANSFER the present filing to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 for a determination of whether petitioner can file a second or successive motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

Dated: April 2, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**