# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR342 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JOHN J. CARROLL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the motion of *pro se* defendant John Carroll ("defendant" or "Carroll") styled "Motion for Amendment of Conditions of Release." (Doc. No. 136 ["Mot."].) The United States of America (the "government") has filed a response. (Doc. No. 139 ["Resp."].)

On August 6, 2009, the government filed a six-count information charging Carroll with participating in three separate bribery schemes, making false statement to law enforcement officers, and falsifying his federal income tax returns. (Doc. No. 1.) On September 9, 2009, and pursuant to a plea agreement, Carroll entered a counseled guilty plea to all six counts in the information. (Doc. Nos. 8, 10, 11.) On January 31, 2011, the Court sentenced petitioner to 108 months imprisonment, followed by two years of supervised release, a $600 special assessment and ordered petitioner to pay $728,000 in restitution.[1] (Doc. No. 63.)

In his present motion, defendant complains that the Bureau of Prisons ("BOP") has

---

[1] The case was originally assigned to the Hon. Kathleen O'Malley. After sentencing, on May 6, 2011, the case was reassigned to the undersigned's docket.

improperly calculated his projected release date by failing to recognize that he is considered an elderly prisoner and entitled to release upon completion of 75% of his sentence, citing Program Statement § 5050.49, Sec. 4(c). While he suggests that the Court should undertake an investigation into the BOP's treatment of elderly inmates, the specific relief he seeks is an order requiring the BOP to recalculate his projected release date. (Mot. at 1849, 1851.)

It appears that defendant is seeking relief under the Elderly Offender Home Detention Pilot Program, 42 U.S.C. § 17541(g)(5)(A), now incorporated into the Federal Prison Reentry Initiative and codified at 34 U.S.C. § 60541(g). This initiative, in pertinent part, grants the Attorney General for the United States the authority to waive the requirements of 18 U.S.C. § 3624 and place eligible elderly offenders in home confinement. Among other requirements, a qualifying individual must be over the age of 65 and have served "*the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced.*" 34 U.S.C. § 60541(g)(5)(A)(ii) (emphasis added).

The Court lacks jurisdiction to entertain defendant's motion. A claim attacking the manner in which a sentence is being executed by the BOP must be brought as a 28 U.S.C. § 2241 habeas petition in the jurisdiction where the sentence is being served, after administrative remedies are exhausted.[2] *United States v. Addonizio*, 442 U.S. 178, 179, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979) (actions taken by the United States Parole Commission do not support collateral attack under § 2255); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction

---

[2] Defendant's reference to 18 U.S.C. § 3145 as a possible source for the Court's jurisdiction to entertain the present motion is unavailing. Section 3145 addresses a federal court's ability to review orders of detention and release of individuals awaiting trial or sentencing, and those on direct appeal. None of these circumstances apply to defendant, who has been in the custody of the BOP since 2011 and did not take a direct appeal from the Court's judgment.

and sentence—for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release—may not be brought under § 2255 and therefore falls into the domain of § 2241.") (citations omitted); *see Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (An inmate's challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself, may only be brought under § 2241); *see also Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (an action for restoration of good-time credit is in effect a demand for immediate release or for a shorter period of detention and therefore lies at "the core of habeas corpus"); *Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004) (discussion on the application of § 3624 would be premature, where prisoner had yet to exhaust administrative remedies).

As defendant's sentence is being executed in West Virginia, the present motion would only be properly filed as a § 2241 petition in the United States District Court for the Northern District of West Virginia. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) (citations omitted). Further, the Court finds that the interest of justice does not necessitate a transfer to the Northern District of West Virginia, pursuant to 28 U.S.C. § 1631, as there is no indication that defendant would be entitled to relief under § 2241. *See Taylor v. Morrison*, 14 F. App'x 380, 381 (6th Cir. 2001) (affirming district court's decision to dismiss petitioner's § 2241 petition filed in the wrong court, rather than transfer the action, where the district court determined that a transfer would "merely result in the Eastern District of Arkansas being needlessly afflicted with a frivolous habeas petition[.]") While defendant is over the age of 65, he does not appear to qualify for early release as an elderly prisoner because he has not served

the **greater** **of** 10 years **or** 75% of his sentence. *See* 34 U.S.C. § 60541(g)(5)(A)(ii). Accordingly, the Court elects to dismiss petitioner's habeas petition without prejudice for want of jurisdiction.

      **IT IS SO ORDERED**.

Dated: September 28, 2017

                      **HONORABLE SARA LIOI**
                      **UNITED STATES DISTRICT JUDGE**